ARTHUR H. HANSEN, Technical Sergeant, U. S. Air Force,
Petitioner

v

HARLAN C. HOBBS, Colonel, U. S. Air Force

DONALD H. DAVIS, Major, U. S. Air Force, Respondents

22 USCMA 181, 46 CMR 181

Miscellaneous Docket
No. 73–11

March 12, 1973

*Captain Richard L. Dunn*, USAF, counsel for Petitioner.

## Memorandum Opinion of the Court

On consideration of the "Petition for Writ of Prohibition or Other Appropriate Relief" filed in the above-entitled action, the following facts appear:

Petitioner, a Technical Sergeant in the United States Air Force, stationed in Turkey, was involved in a traffic accident while operating a military vehicle upon a public highway in the vicinity of Istanbul on October 20, 1972. As a result, a Turkish citizen was killed. Turkish officials charged him with causing the death of a pedestrian by negligently operating a motor vehicle, an offense punishable under Turkish law by imprisonment for two to five years and a fine of 250 to 2500 lire.

When the case came on for trial

before the First Instance Court of Bakirkoy, Turkey, that tribunal accepted a certificate issued by the Turkish General Staff declaring that at the time of the incident petitioner herein was in the performance of official duties. On this basis, the First Instance Court dismissed the case, subject to the right of the Intervenor, or representative of the decedent, to appeal.

Petitioner acknowledges that the Intervenor has appealed the decision dismissing the charge, and thus the right of the Turkish authorities to waive jurisdiction has not been finally litigated in the Turkish courts. In these circumstances, the right of American authorities to exercise jurisdiction remains undetermined as well.

At a time undisclosed by the petition, a charge of negligent homicide in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, was preferred against petitioner, and has been referred to a special court-martial for trial. No trial date has been fixed.

Petitioner contends the court-martial is without jurisdiction because the traffic incident giving rise to the charge occurred prior to his honorable discharge and immediate reenlistment. See United States v Steidley, 14 USCMA 108, 33 CMR 320 (1963).

Petitioner seeks a writ of prohibition barring all future action with respect to the charge pending before the special court-martial, and a termination of the "administrative hold status" by virtue of which he is presently required to remain in Turkey pending decision by the Turkish court on the Intervenor's appeal.

It is clear from the petitioner's allegations that the crucial question upon which the charge against him in the Turkish court depends is whether the acts giving rise to that charge were performed in the exercise of his official duty. That question is now pending in the Turkish court and this Court will not presume to undertake its resolution. Since the decision to proceed with the trial by special court-martial depends upon the outcome of Intervenor's appeal, his petition to this Court is untimely. Moreover, whether or not petitioner was discharged and reenlisted is, according to his allegations, apparently disputed by the Air Force authorities. That question may more appropriately be resolved by the special court-martial if and when the decision to proceed with trial is made.

The relief sought is not in aid of this Court's jurisdiction. See 28 USC § 1651(a). Accordingly, the petition is dismissed.